UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOSE ARAMIS BRITO,

                Movant,

        -against-

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------------------------------x
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

        -against-

JOSE ARAMIS BRITO,

                Defendant.
-----------------------------------------------------------x

16-cv-5585 (PKC)

ORDER

13-cr-589 (PKC)

CASTEL, U.S.D.J.

        On December 13, 2013, the jury found Jose Aramis Brito guilty of Counts One and Two of a superseding indictment filed on December 4, 2013. Count One charged Brito with conspiracy to commit robbery in violation of 18 U.S.C. § 1951. Count Two charged Brito with conspiracy to distribute and possess with intent to distribute five kilograms and more of mixtures and substances containing a detectable amount of cocaine in violation of 21 U.S.C. § 841. On July 17, 2014, Brito was sentenced principally to 144 months' imprisonment.

Mailed to Jose Aramis Brito

Brito filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. In a Memorandum and Order filed July 24, 2017, the motion was denied. A subsequent appeal was dismissed. (Mandate October 25, 2017.) Thereafter he moved for relief from the denial of his section 2255 motion under Rule 60(b)(1), Fed. R. Civ. P. This Court denied the Rule 60(b)(1) motion and his appeal from that denial was dismissed on October 18, 2018. He moved yet again for relief from the denial of his section 2255 motion this time under Rule 60(b)(6). Because nothing in the motion undermined the integrity of his habeas proceeding nor amounted to an "extraordinary circumstance, the Court denied that motion.

On the present application, Brito seeks relief under the First Step Act and the so-called "Holloway Doctrine."

Section 404(a) of the First Step Act provides insofar as relevant that "[i]n this section, the term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010[("FSA")] . . . ." The term "which" in the phrase "the statutory penalties for *which* were modified" unambiguously refers to "the violation of a Federal criminal statute." A covered offense is the violation of a federal criminal statute for which the "statutory penalties" have been modified by section 2 or 3 of the FSA.

Insofar as is potentially relevant, section 2 of the FSA amended 21 U.S.C. 841(b)(1) (A)(iii) & (B)(iii) by increasing the quantity of cocaine base triggering certain penalties. It did not alter the penalties for powdered cocaine. Section 3 of the FSA related to simple possession charges. Because Brito's drug conviction was for conspiracy to distribute or possess with intent to distribute 5 kilograms and more of cocaine (Count Two, Superseding Indictment; Doc 35), as distinguished from cocaine base also known as crack cocaine, neither

section 2 nor section 3 modified the penalties for the crime of conviction and the First Step Act has no application to his case.

Brito also refers to the "Holloway Doctrine," an apparent reference to a district court opinion in which the judge asked the Office of United States Attorney ("OUSA") to move to vacate certain counts of conviction because of the perceived harshness of the penalty that arose from the so-called stacking of sentences for multiple convictions under 18 U.S.C. § 924(c) arising from a single trial and the OUSA agreed. United States v. Holloway, 68 F.Supp. 3d 310 (E.D.N.Y. 2014). This case is vastly different than the facts and sentence in Holloway and assuming for the sake of argument that the Court had the same discretion as the court exercised in Holloway, the Court would not so exercise it in this case on this record.

Application DENIED.

The action was not filed in forma pauperis, and the Court therefore makes no finding pursuant to 28 U.S.C. § 1915(a)(3).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
January 28, 2020